UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
MIAMI, FLORIDA

MS. MISLEHIVY CALVO,
Plaintiff

**07-21398**

vs

CIV - SEITZ

WALGREENS CORPORATION,
Defendant.

[McALILEY]

_____/

## COMPLAINT

NOW COMES, Plaintiff MS. MISLEHIVY CALVO by and through undersigned counsel and submits this Complaint against Defendant WALGREENS CORPORATION pursuant to the Americans with Disability Act of 1990 42 U.S.C. § 12101 (hereinafter "ADA") in support thereof avers as follows:

### ADMINISTRATIVE PREREQUISITE

Plaintiff has complied with administrative prerequisites pursuant to ADA, rendering her claim ripe for this Court. The Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue Letter dated February 27, 2007, received on May 2, 2007 (Attached). As said Letter provides ninety (90) days from date of receipt, this Complaint is thereby timely.

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as causes of action are a matter of federal law.

2. Venue is proper in this District as all Defendants reside and/or operate in, and all unlawful acts occurred within Miami-Dade County.

3. This Court also has supplemental jurisdiction on State claims pursuant to U.S.C. §1752.

4. That having exhausted the administrative prerequisites the claim is ripe for adjudication before this Court.

## GENERAL ALLEGATIONS

1. At all times material hereto Defendant is an "employer" as defined by ADA and continuously operating in this District and continuously with fifteen or more employees.

2. At all times material hereto Plaintiff was an "employee" as defined by ADA and as such is entitled to all its provisions and protections.

3. Plaintiff commenced employment with Defendant on or about October 13, 2001 as a clerk, at the Walgreens location at 740 E. 9th Street, Hialeah, Florida.

4. On or about July 20, 2002, Plaintiff was promoted to the position of Manager Assistant at the same Hialeah location.

5. At the time of her termination on February 8, 2006, Plaintiff was employed as an Assistant Manager.

6. Although there were varied duties as Assistant Manager, the principal function was to assist with customer care. However, depending on the shift (morning vs. overnight) the duties of the position could vary.

7. On or about July 26, 2003, Plaintiff was involved in a serious car accident.

8. Plaintiff lost consciousness and control of the vehicle.

9. At the time of the accident, Plaintiff was wearing a pacemaker which had been implanted due to a severe conduction heart disease on or about July 11, 2001.

10. Despite repeated tests, doctors have been unable to detect what causes her heart abnormality, the pacemaker has been prescribed as a preventive measure.

11. One of the symptoms of this heart disease is complete heart blockage.

12. As a result, Plaintiff also suffers form asthma and hypertension.

13. Said pacemaker does not entirely correct her conditions as she is still at risk. Consequently, Plaintiff cannot perform regular daily functions which can take a toll on her heart.

14. As a result of said car accident, Plaintiff sustained serious and permanent injuries to her left arm, hand, and upper body.

15. Despite various operations and treatments, Plaintiff has lost mobility on her left hand and wrist. Consequently, she wears a permanent splint.

16. At all times material hereto, Plaintiff was an exemplary employee. Never once being reprimanded and/or disciplined in any way.

17. From the time of the accident, up until her termination, Plaintiff provided medical documentation to her employer to corroborate absences due to her medical conditions.

18. These requests for medical documentation were constant, repetitive, and cumbersome. Despite feeling harassed, Plaintiff complied with all the requests.

19. Between the time of the accident to her termination on February 8, Plaintiff worked on and off depending on her medical needs such as operations and post operation treatment.

20. The times that she was able to work she managed to perform her duties with a few accommodations such as not being assigned to overnight work.

21. Walgreens never once during this time informed her that she was not performing her duties, despite her arm splint, lifting restrictions, heart condition, and requests for medical time off.

22. Sometime in January 2006, in response to another request for medical documentation, Plaintiff provided a physician's note dated 1/31/06 to her employer.

23. The medical note released Plaintiff back to work starting on February 6, 2006, with very specific work restrictions, specifically lifting, carrying, and pushing restrictions.

24. Plaintiff also informed employer directly, on or about January 16, 2006, that she was able and willing to return to work with the cited working restrictions.

25. However, on or about February 8, 2006, Plaintiff was informed by Manager Mario Hernandez that Walgreens had "no work with someone with her limitations."

26. Claimant extremely upset at being terminated asked employer to provide her with a termination letter. Plaintiff never received any letter or any further communications from Walgreens, aside from disability communications from insurance carrier.

27. The following day after being terminated, Plaintiff filed for unemployment benefits. At that time, Walgreens did not challenge her claim for unemployment.

28. In fact, in its response to the unemployment office, Walgreens stated that the reason for Plaintiff's termination was "lack of work."

29. Walgreens never stated, as it attempted to later on, that employee was placed on medical leave.

30. It was not until Plaintiff filed her EEOC charge based on ADA violations, that Walgreens challenged the unemployment claim by stating that Plaintiff had not been terminated, but rather, had been put on indefinite medical leave as the medical note presented was not releasing her to work but to another occupation.

31. Claimant filed her charge with the EEOC on or about March 8, 2006.

32. Walgreens appealed the unemployment decision on or about March 21, 2006.

33. Plaintiff has been informed by medical providers that no operation can bring back the mobility of her hand and wrist.

34. Walgreens was always aware of Plaintiff's heart condition as well as her permanent arm injury sustained after the accident.

35. Plaintiff informed Walgreens of her heart condition and her permanent injuries.

36. Walgreens was well aware of Plaintiff's medical conditions as she communicated all requests for medical time off, and was required to provide numerous and detailed medical documentation to her supervisors and management.

37. Plaintiff requested accommodations from Walgreens in the form of schedule changes and adherence to lifting restrictions and time off.

38. Although the accommodations such as schedule change and time off were accommodated, without undue burden to Walgreens, eventually Walgreens opted to cease from any more accommodations.

39. Plaintiff believes that employer could have accommodated disabilities without any undue burden in light of its size and resources; and that the refusal to do so was due to discriminatory animus.

40. Plaintiff continues to be unemployed despite her efforts to find gainful employment.

41. The visibility of one of her disabilities has been an insurmountable obstacle to her gaining employment.

### Count I-Violations of ADA
### 42 U.S.C.A. § 12101

42. Plaintiff re-alleges paragraphs 1-41 herein, and further avers:

43. That Plaintiff's accident resulted in qualifying disabilities; and that employer knew or perceived employee's disability.

44. That Plaintiff's heart condition was, and is, a qualifying disability; and that employer knew or perceived employee's disability.

45. That Plaintiff had a record of both disabilities of which the employer was aware.

46. Plaintiff was a "qualified individual" as defined by the ADA.

47. That due to Plaintiff's disabilities and/or perceived disabilities employer discriminated against employee for failing to make reasonable accommodation.

48. That said accommodation would have imposed no unreasonable burden upon employer.

49. Denial of said employment opportunities are in violation of the ADA.

50. As a result of said actions Plaintiff sustained and continues to sustain injury and damages.

### Count II-Violations of ADA
### Based on Retaliation
### (42 U.S.C. §2000e-3(a)

51. Plaintiff re-alleges paragraphs 1-50 herein, and further avers:

52. That due to Plaintiff's filing, reporting, and or invoking her rights under the ADA she was retaliated upon for having engaged in this protected activity with harassment and eventual termination.

53. Said retaliation has deprived Plaintiff of employment opportunities.

54. Due to the temporal proximity between invoking her rights under ADA and the adverse employment action, there arises an inference that adverse employment actions were in retaliation.

55. As a direct and proximate result of said actions Plaintiff sustained and continues to sustain injury and damages, such as emotional distress, embarrassment, humiliation, defamation of character and related damages in amounts subject to proof.

56. Said unlawful employment practices were intentional and in violation of 1991 Civil Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a judgment in favor of Plaintiff by paying lost benefits, back pay, interest front pay, and any and all compensatory damages such as attorney's fees and costs allowable under the statutes.

B. Grant a judgment in favor of Plaintiff granting him wages based on work actually performed.

C. Impose punitive damages upon Defendant for their intentional and willful violation of ADA.

D. Grant such further relief as the Court and law deems necessary and proper in the public interest.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact underlying this Complaint.

Respectfully submitted,

Mayra L. Gonzalez
FBN: 540498
**INTERNATIONAL IMMIGRATION & LABOR SERVICES**
One East Broward Blvd.
Suite 700
Ft. Lauderdale, FL 33301
Tel: 954-745-5821
Fax: 954-745-5812
Attorney for Plaintiff

## CERTIFICATION OF SOUTHERN BAR ADMISSION

I HEREBY certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: May 30, 2007

                                          Mayra Gonzalez, Esq.
                                          FBN: 0540498

# ATTACHMENT 1

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

RECEIVED MAR 0 2 2007

| To: | Mislehiby Calvo<br>2921 S W 35 Avenue<br>Miami, FL 33133 | From: | Miami District Office - 510<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2006-01094 | Jerald B. Mcdaniel,<br>Investigator | (305) 808-1809 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Federico Costales,
District Director

FEB 2 7 2007
*(Date Mailed)*

Enclosure(s)

cc: Gaye L. Huxoll, Esquire
Litter Mendelson
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1500
Miami, Fl 33131

Mayra L. Gonzalez, Esquire
Law Offices
One East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33013

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Mislehivy Calvo
2921 SW 35 Ave.
Miami, FL 33133

### DEFENDANTS
Walgreens Corp
8250 NW 27th St., Ste: 311
Miami, FL 33172

(b) County of Residence of First Listed Plaintiff: **DADE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **DADE**
(IN U.S. PLAINTIFF CASES ONLY)

CIV-SEITZ

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mayra Gonzalez, Int'l. Labor Services
One East Broward Blvd. Ste: 700
Ft. Lauderdale, FL 33301 (954-745-5821)

McALILEY

07-21398

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:07CV 21398-Seitz
McAliley

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 320 Assault, Libel & Slander | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | **PERSONAL PROPERTY** | | ☐ 864 SSID Title XVI | |
| **REAL PROPERTY** | ☐ 370 Other Fraud | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 360 Other Personal Injury | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 290 All Other Real Property | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 442 Employment | Habeas Corpus: | | |
| | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
ADA, 42 U.S.C. §12101 - Violations based on Disability Discrimination + Retaliation

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 540145    IFP