UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21398-CIV-SEITZ/McALILEY

| | |
|---|---|
| MISLEHIVY CALVO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Walgreen Co. ("Walgreens"),[1] hereby files this Answer and Affirmative
Defenses to the Complaint of Plaintiff, Mislehivy Calvo.  Responding to the correspondingly
numbered paragraphs of the Complaint, Walgreens states as follows:

**ADMINISTRATIVE PREREQUISITE**

Walgreens admits that the EEOC issued a right-to-sue letter on or about February 27,
2007.  Walgreens denies the remaining allegations contained in the unnumbered paragraph of the
Complaint under the heading, "Administrative Prerequisite."

**JURISDICTION**

1.      Walgreens admits that, pursuant to 28 U.S.C. § 1331, this Court has jurisdiction
over civil actions arising under federal law, and further admits that this Court has jurisdiction
over Plaintiff's claim.  However, Walgreens expressly denies any wrongdoing and denies that
Plaintiff is entitled to any relief.

---

[1] Walgreens is incorrectly identified in the Complaint as "Walgreens Corporation."

2.      Walgreens admits that it conducts business in this District and admits that the actions alleged in the Complaint are alleged to have occurred within this District, but Walgreens expressly denies any wrongdoing and denies that Plaintiff is entitled to any relief.

3.      Walgreens denies the allegations contained in paragraph 3 of the Complaint.

4.      Walgreens denies the allegations contained in paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

1.[2]      Walgreens is without knowledge as to what Plaintiff means in alleging "all times material hereto"; accordingly, Walgreens denies those allegations.  Walgreens believes that no answer is required to the allegation that it is an "employer" within the meaning of the ADA, because such allegation calls for a legal conclusion; however, to the extent an answer is required, Walgreens denies that allegation.  Walgreens admits that it does business in this District, and admits that it employs fifteen or more persons.  Walgreens denies the remaining allegations contained in the second paragraph number 1 of the Complaint.

2.      Walgreens is without knowledge as to what Plaintiff means in alleging "all times material hereto"; accordingly, Walgreens denies those allegations.  Walgreens believes that no answer is required to the allegation that Plaintiff was an "employee" within the meaning of the ADA, because such allegation calls for a legal conclusion; however, to the extent an answer is required, Walgreens denies that allegation.   Walgreens denies the remaining allegations contained in the second paragraph number 2 of the Complaint.

3.      Walgreens admits that it employed a person named Mislehiby Calvo beginning on or about October 20, 2001, and admits that Ms. Calvo initially held the position of Service

_____

[2] Plaintiff's Complaint contains two sets of paragraphs numbered 1 through 4.

Clerk.[3]  Walgreens denies the remaining allegations contained in the second paragraph number 3 of the Complaint.

4.        Walgreens admits that it promoted Plaintiff in July 2002.  Walgreen denies the remaining allegations contained in the second paragraph number 4 of the Complaint.

5.        Walgreens admits employing Plaintiff as a Management Trainee (MGT), but denies the remaining allegations contained in paragraph 5 of the Complaint.

6.        Walgreens admits that many duties are required in the position of Assistant Manager. Walgreens denies the remaining allegations contained in paragraph 6 of the Complaint.

7.         Walgreens is without knowledge as to the allegations contained in paragraph 7 of the Complaint; therefore, Walgreens denies those allegations.

8.        Walgreens is without knowledge as to the allegations contained in paragraph 8 of the Complaint; therefore, Walgreens denies those allegations.

9.        Walgreens is without knowledge as to the allegations contained in paragraph 9 of the Complaint; therefore, Walgreens denies those allegations.

10.        Walgreens is without knowledge as to the allegations contained in paragraph 10 of the Complaint; therefore, Walgreens denies those allegations.

11.        Walgreens is without knowledge as to the allegations contained in paragraph 11 of the Complaint; therefore, Walgreens denies those allegations.

12.        Walgreens is without knowledge as to the allegations contained in paragraph 12 of the Complaint; therefore, Walgreens denies those allegations.

13.        Walgreens is without knowledge as to the allegations contained in paragraph 13 of the Complaint; therefore, Walgreens denies those allegations.

---

[3] Walgreens assumes that the discrepancy in the spelling of Ms. Calvo's name is a typographical error.

14.    Walgreens is without knowledge as to the allegations contained in paragraph 14 of the Complaint; therefore, Walgreens denies those allegations.

15.    Walgreens is without knowledge as to the allegations contained in paragraph 15 of the Complaint; therefore, Walgreens denies those allegations.

16.    Walgreens denies the allegations contained in paragraph 16 of the Complaint.

17.    Walgreens admits that there were times when Plaintiff provided medical documentation to Walgreens relating to certain absences, but denies the remaining allegations contained in paragraph 17 of the Complaint.

18.    Walgreens denies the allegations contained in paragraph 18 of the Complaint.

19.    Walgreens admits that Plaintiff took leave for various medical issues but denies the remaining allegations contained in paragraph 19 of the Complaint.

20.    Walgreens denies the allegations contained in paragraph 20 of the Complaint.

21.    Walgreens denies the allegations contained in paragraph 21 of the Complaint.

22.    Walgreens admits that, in response to its request for medical documentation evidencing Plaintiff's ability to return to work, Plaintiff provided a Supplemental Attending Physician Statement dated January 31, 2006.   Walgreens denies the remaining allegations contained in paragraph 22 of the Complaint.

23.    Walgreens admits that the Physician Statement dated January 31, 2006 provided that Plaintiff was no longer totally incapable of working in any capacity, but Walgreens denies the remaining allegations contained in paragraph 23 of the Complaint.

24.    Walgreens denies the allegations contained in paragraph 24 of the Complaint.

25.    Walgreens denies the allegations contained in paragraph 25 of the Complaint.

26.     Walgreens admits that Plaintiff requested a letter stating that her employment had been terminated, and Walgreens admits that it did not provide such a letter.  Walgreens denies the remaining allegations contained in paragraph 26 of the Complaint.

27.     Walgreens admits that Plaintiff applied for unemployment compensation benefits. Walgreens denies the remaining allegations contained in paragraph 27 of the Complaint.

28.     Walgreens denies the allegations contained in paragraph 28 of the Complaint.

29.     Walgreens denies the allegations contained in paragraph 29 of the Complaint.

30.     Walgreens denies the allegations contained in paragraph 30 of the Complaint.

31.     Walgreens admits the allegations contained in paragraph 31 of the Complaint.

32.     Walgreens admits that it appealed the Notice of Determination issued by the Agency for Workforce Innovation.  Walgreens denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     Walgreens is without knowledge as to the allegations contained in paragraph 33 of the Complaint; therefore, Walgreens denies those allegations.

34.     Walgreens denies the allegations contained in paragraph 34 of the Complaint.

35.     Walgreens denies the allegations contained in paragraph 35 of the Complaint.

36.     Walgreens admits that Plaintiff submitted certain medical documentation in connection with her leave requests.  Walgreens denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Walgreens admits Plaintiff requested schedule changes, adherence to lifting restrictions, and time off, but denies the remaining allegations contained in paragraph 37 of the Complaint.

38.     Walgreens denies the allegations contained in paragraph 38 of the Complaint.

39.     Walgreens is without knowledge as to what Plaintiff believes; therefore, Walgreens denies that allegation.   Walgreens denies the remaining allegations contained in paragraph 39 of the Complaint.

40.     Walgreens is without knowledge as to the allegations contained in paragraph 40 of the Complaint; therefore, Walgreens denies those allegations.

41.     Walgreens is without knowledge as to the meaning of the allegations contained in paragraph 41 of the Complaint; therefore, Walgreens denies those allegations.

## Count I-Violations of ADA
## 42 U.S.C.A. § 12101

42.     Walgreens repeats its responses to paragraphs 1 through 41, as though fully set forth herein.

43.     Walgreens denies the allegations contained in paragraph 43 of the Complaint.

44.     Walgreens denies the allegations contained in paragraph 44 of the Complaint.

45.     Walgreens denies the allegations contained in paragraph 45 of the Complaint.

46.     Walgreens denies the allegations contained in paragraph 46 of the Complaint.

47.     Walgreens denies the allegations contained in paragraph 47 of the Complaint.

48.     Walgreens denies the allegations contained in paragraph 48 of the Complaint.

49.     Walgreens denies the allegations contained in paragraph 49 of the Complaint.

50.     Walgreens denies the allegations contained in paragraph 50 of the Complaint.

## Count I-Violations of ADA
## Based on Retaliation
## (42 U.S.C. § 2000e-3(a))

51.     Walgreens repeats its responses to paragraphs 1 through 50, as though fully set forth herein.

52.     Walgreens denies the allegations contained in paragraph 52 of the Complaint.

53.     Walgreens denies the allegations contained in paragraph 53 of the Complaint.

54.     Walgreens denies the allegations contained in paragraph 54 of the Complaint.

55.     Walgreens denies the allegations contained in paragraph 55 of the Complaint.

56.     Walgreens denies the allegations contained in paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

Walgreens denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" Clause that follows paragraph 56 of the Complaint.

Walgreens denies all allegations not expressly and specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Defense

Upon information and belief, Plaintiff has failed to satisfy the conditions precedent to an action under the ADA.

### Third Defense

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### Fourth Defense

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate her damages.

### Fifth Defense

Plaintiff is not a qualified individual with a disability or a handicap.

## Sixth Defense

All employment actions taken by Walgreens were taken for legitimate, non-discriminatory, non-retaliatory reasons.

## Seventh Defense

To the extent the Court or a jury should conclude that any of the employment decisions challenged by Plaintiff were motivated by discrimination and/or retaliation, which they were not, the same decisions, and each of them, would have been made absent any alleged discrimination and/or retaliation.

## Eighth Defense

In the event that Plaintiff is entitled to any recovery, Walgreens is entitled to a setoff in the amount that Plaintiff actually received, or in the exercise of reasonable diligence could have received, from other sources of recovery.

## Ninth Defense

Plaintiff is not entitled to recover any compensatory or punitive damages because neither Walgreens, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Walgreens did not authorize or ratify any such act.

## Tenth Defense

Plaintiff's claims for damages are limited, in whole or in part, by 42 U.S.C. § 1981a.

## Eleventh Defense

To the extent that Plaintiff engaged in misconduct, fraud, or other conduct prior to, during, or in connection with her employment that otherwise would have resulted in her separation if such conduct were then known to Walgreens, any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

### Twelfth Defense

Plaintiff is not entitled to a jury trial on equitable claims or remedies.

### Thirteenth Defense

Plaintiff's claims and/or any claims for damages are barred because Walgreens exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior, and/or Plaintiff unreasonably failed to take advantage of Walgreens' preventative or corrective opportunities to otherwise avoid harm.

### Fourteenth Defense

Walgreens has made good-faith efforts to prevent discrimination and retaliation in its workplace, and thus cannot be liable for the actions of its agents, or punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination, anti-retaliation statutes.

### Fifteenth Defense

Plaintiff's claims fail, in whole or in part, because she did not request a reasonable accommodation.

### Sixteenth Defense

Plaintiff's claims fail, in whole or in part, because Walgreens communicated with Plaintiff in good faith regarding possible accommodations.

### Seventeenth Defense

Plaintiff's claims fail, in whole or in part, because the accommodation allegedly sought by Plaintiff, if any, would have caused an undue burden on Walgreens.

Walgreens reserves the right to amend or assert additional defenses as they arise throughout this litigation.

WHEREFORE, Walgreens respectfully requests that Plaintiff's action be dismissed with prejudice, and that the Court award Walgreens its costs including reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and any other and further relief that is deemed to be just and proper.

Dated this 31st day of July, 2007.

Respectfully submitted,

LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131-1804
Telephone:  (305) 400-7500
Facsimile:   (305) 603-2552

By: /s/ Gaye L. Huxoll
    Lori A. Brown
    Florida Bar No. 846767
    Email: labrown@littler.com
    Patrick F. Martin
    Florida Bar No. 998729
    E-mail: pfmartin@littler.com
    Gaye L. Huxoll
    Florida Bar No. 149497
    E-mail: ghuxoll@littler.com

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 31st day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Gaye L. Huxoll_____<br>
Gaye L. Huxoll

**SERVICE LIST**
**Mislehivy Calvo v. Walgreen Co.**
**Case No. 07-21398-Civ-Seitz/McAliley**
**U.S. District Court, Southern District of Florida**


Mayra L. Gonzalez, Esq.
International Immigration & Labor Services
*Counsel for Plaintiff*
One East Broward Boulevard
Suite 700
Ft. Lauderdale, Florida 33301
Telephone: (954) 745-5821
Facsimile:  (954) 745-5812
*(Served via transmission of Notices of
Electronic Filing generated by CM/ECF)*

Lori A. Brown, Esq.
Patrick F. Martin, Esq.
Gaye L. Huxoll, Esq.
LITTLER MENDELSON, P.C.
*Counsel for Defendant*
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

Firmwide:82732754.2 046685.1038