UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21398-CIV-SEITZ/O'SULLIVAN
[CONSENT AS TO THIS MOTION]

MISLEHIVY CALVO,

    Plaintiffs,
v.

WALGREEN CORPORATION,

    Defendant.
_____/

## ORDER ON BILL OF COSTS

**THIS MATTER** is before the Court on the Defendant's Notice of Filing Bill of Costs (DE # 47, 10/24/08).  On August 29, 2007, pursuant to 28 U.S.C. § 636(c), the parties consented to magistrate jurisdiction on the issue of costs  (DE #11, 8/29/07), permitting the undersigned to issue an Order on the defendant's request for costs as opposed to a Report and Recommendation.  The defendant filed its Notice of Filing Bill of Costs (DE # 47, 10/24/08) on October 24, 2008.  The plaintiff filed a response on November 7, 2008, (DE # 51, 11/7/08) and the defendant filed a reply on November 17, 2008 (DE # 53, 11/17/08).

The defendant requests $4,623.44 in costs associated with this matter.  The costs requested by the defendant are for the fees for service of summons and subpoena ($488.14), fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case ($2,527.10), fees for exemplification and copies of papers necessarily obtained for use in the case ($1,608.20).

## **ANALYSIS**

Pursuant to Rule 54(d)(1) of the federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party" for purposes of the rule generally. . . is a party in whose favor judgment is rendered, this means the party who won at the trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded. See <u>All West Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co.</u>, 153 F.R.D. 667 (D. Kansas 1994). On September 24, 2008, the Court entered Final Judgment in favor of the defendant in this matter (DE # 46, 9/24/08). Accordingly, the defendant prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920. A court may only tax those costs which are specifically authorized by statute. See <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987).

A judge or clerk of any of the United states may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in case;

    (5) Docket fees under § 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under § 1828 of this title.

28 U.S.C § 1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs. Absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000). The defendant is awarded costs as outlined below.

(1)     Fees of the Court Reporter

The defendants are awarded a portion of the costs requested that are associated with fees of the court reporter. 28 U.S.C. § 1920(2) states that, "a judge or clerk of any court of the United States may tax as costs the fees of the court reporter for any part of the stenographic transcript necessarily obtained for use in the case". The defendant seeks reimbursement in the amount of $2,527.10. The statute does not allow for condensed transcripts, ASCII disks of transcripts, or mini-scripts of transcripts, as these are extras that are not necessary. The undersigned finds that the court reporter fees for which costs are requested were necessarily obtained for use in the case except for the extras as noted above and should be reduced by $120.00. See W&O, 213 F. 3d at 620. The defendant is awarded costs associated with fees of the court reporter in the amount of $2,407.10.

(2)     Fees for Exemplification and Copies of Papers Necessarily Obtained for use in the Case

The defendant is awarded the costs requested that are associated with fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920(4) states that, "a judge or clerk of any court of the United States may tax

as costs the fees for exemplification and copies of papers necessarily obtained for use in case". The defendant seeks reimbursement in the amount of $1,608.20. The undersigned finds that the copies for which costs are requested were necessarily obtained for use in the case and the defendant is awarded costs associated with fees for copies in the amount of $1,608.20

(3)     Fees for Service of Summons and Subpoenas

The defendant requests reimbursement in the amount of $488.14 for fees for service of summons and subpoenas. These costs are reasonable and permitted under the statute. Accordingly, the defendant is awarded costs associated with the fees for service of summons and subpoenas in the amount of $488.14.

The plaintiff claims an inability to pay the costs. (DE # 51, 11/7/08). Fed. R. Civ. P. 54(d) provides, in pertinent part, "the indigence of a non-prevailing litigant per se does not preclude taxation of costs against that party." The court must consider the ability to pay of the party subject to the costs. Bullard v. Downs, 161 Fed. Appx. 886, 889 (11th Cir. 2006). However, limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party. Pickett v. Iowa Beef Processors, 149 Fed. Appx. 831, 832 (11th Cir. 2005). Given the financial circumstances of the non-prevailing party, the amount of costs must not be so large that they conflict with a common sense amount. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002). Here, there is no showing that the plaintiff is incapable of paying the prevailing party's costs in the present or in the future, accordingly, the undersigned recommends that costs be assessed against the plaintiff in the case at bar.

In accordance with the foregoing Order, it is

ORDERED AND ADJUDGED that the request for costs is **GRANTED** in part and **DENIED** in part as outlined above and the defendants are awarded $4,503.44 in costs.

DONE AND ORDERED, in Chambers, at Miami, Florida this 4th day of December 2008.

JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Court Judge Seitz

All counsel of record